Filed 2/17/15  T.W. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| T.W., | |
| Petitioner, | E061926 |
| v. | (Super.Ct.No. J246857) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; Petition for extraordinary writ.  Lynn M. Poncin and Christopher B. Marshall, Judges.  Petition denied.

Law Offices of Vincent W. Davis & Associates and Vincent W. Davis for Petitioner.

No appearance for Respondent.

1

Jean-Rene Basle, County Counsel, and Adam E. Ebright, Deputy County Counsel, for Real Party in Interest.

Petitioner T.W. (mother) filed a petition for extraordinary writ pursuant to California Rules of Court, rule 8.452, challenging the juvenile court's order setting a Welfare and Institutions Code[1] section 366.26 hearing. She contends that the court abused its discretion in denying her request for substitution of attorneys under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). On December 22, 2014, on the court's own motion, we stayed the Welfare and Institutions Code section 366.26 hearing pending further order. We hereby lift the stay. Furthermore, we deny mother's writ petition.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On November 16, 2012, the San Bernardino County Children and Family Services (CFS) filed a section 300 petition on behalf of mother's son, Z.W. (the child). The petition alleged that the child came with the provisions of section 300, subdivisions (b) (failure to protect) and (g) (no provision for support). The petition included the allegations that mother had failed to protect her children[2] from exposure to domestic violence, that mother had substance abuse issues and a criminal history, and that mother had an unstable, unsafe lifestyle. The petition was later amended to include an allegation

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise noted.

[2] We note that the petition allegations allege that mother failed to protect her children. However, only one of mother's children, the child, is the subject of the current writ.

under section 300, subdivision (j) (abuse of sibling), due to burn injuries that mother's child, J.V., sustained while in her care.

The court held a detention hearing on November 19, 2012, and detained the child in foster care.

*Jurisdiction/Disposition*

The social worker filed a jurisdiction/disposition report on December 7, 2012, recommending that the court sustain the petition, and that mother be provided with reunification services. However, on December 19, 2012, the court continued the hearing to allow more time to complete notice. The matter was further continued on January 9, 2013 and January 17, 2013.

On January 18, 2013, mother filed several documents with the court, in propria persona, including a document entitled "objections and corrections to the social worker report of Eleanor Garces." Another document, that was received by the court on January 22, 2013, was entitled "cease and desist letter." This letter was apparently written to inform her counsel that she was not pleased with her representation at the hearing on January 17, 2013. Mother complained that no one "spoke up for me our children [*sic*]," and she asked her counsel to "cease and desist all road blocks that would intercept [her] right as a United States Citizen that would trump [her] ability to excerpt [*sic*] [her] freedom of speech and prove [her] innocence." She further asked her counsel to "cease and desist any silence that would thwart [her] case."

On January 22, 2013, the court held a further pretrial settlement conference, at which mother requested a *Marsden* hearing. The court excused all parties from the

3

courtroom, except mother and her counsel. The court began the hearing by asking mother what her counsel had done, or not done correctly. Mother did not answer the question directly, but expressed that her counsel could "only go so far in her position as being a public defender" and that she felt she needed to get "a paid lawyer." Mother added that she really needed help, that she really wanted her children back, and that the court and her counsel should recognize "[t]he way [her] kids was [*sic*] disposed from [her] house . . . and the remarks that were said to [her] while they were being removed." Mother went on to talk about one of her sons, as well as how stressed she had been since her children were taken away. Mother addressed her counsel and said she felt like she should "fight a little harder for [her]." Mother then said she thought she should hire a lawyer. The court told mother that her counsel was well versed in juvenile law and could help her. Mother's counsel interjected that she and mother were having problems communicating. Mother said she had been in contact with another attorney, for a consultation. The court concluded there was no evidence of an irreconcilable conflict, but said there was a communication issue. Mother's counsel asked the court to grant the motion, since mother had filed the cease and desist letter, was seeking advice from other attorneys, and was not accepting her advice. The court stated the letter just reflected that mother wanted to spend more time talking with counsel about the welfare of her children and her parental rights. Mother agreed, stating, "That's it. That's all I want." Mother added that she was not upset, but scared and confused. The court found that there were no irreconcilable differences, told counsel that she and mother needed to communicate better, and denied the motion.

A contested jurisdiction/disposition hearing was held on April 17, 2013. The court found J.B. (father) to be the presumed father of the child.[3] The court sustained the petition, declared the child a dependent, and ordered mother and father to participate in reunification services. The court also ordered supervised visits one time a week.

*Six-month Status Review*

The social worker filed a six-month status review report on October 7, 2013. The social worker reported that mother's whereabouts were currently unknown, and she had failed to complete her case plan activities. Mother was given referrals to parenting education and substance abuse treatment, but did not enroll in either. She did enroll in individual counseling, but was discharged for nonparticipation. Mother had not maintained contact with the child. She also failed to maintain regular contact with the social worker. The social worker attempted to contact her by telephone and in writing, but mother did not respond. Nonetheless, the social worker recommended that the court continue her services. At the hearing on October 17, 2013, the court continued the child as a dependent and continued mother's services.

*12-month Status Review*

The social worker filed a 12-month status review on January 10, 2014, recommending that mother's services be terminated and that a section 366.26 hearing be set. The social worker reported that mother's whereabouts were unknown until December 2013, when she went to the CFS office to report that she had moved. She did

---

[3] Father is not a party to this writ.

5

not provide an address. The social worker further reported that mother had not participated in services.

At a 12-month review hearing on February 4, 2014, the court found that mother had failed to participate regularly and make substantive progress in her case plan. The court thus terminated her reunification services.

On September 11, 2014, the court terminated father's reunification services and set a section 366.26 hearing.

On September 22, 2014, mother filed a notice of intent to file a writ petition.

ANALYSIS

The Juvenile Court Properly Denied Mother's *Marsden* Motion

Mother contends that the court abused its discretion in denying her *Marsden* motion for new counsel and claims that she was prejudiced by such denial. We disagree.[4]

"When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict

---

[4] Real party in interest initially argues that mother failed to file a timely writ petition, since the issues in her writ only concern the denial of her *Marsden* motion, 20 months prior. We note that this court granted mother's request for an extension to file her writ petition.

that ineffective representation is likely to result." (*People v. Crandell* (1988) 46 Cal.3d 833, 854 (*Crandell*).) "Once a defendant is afforded an opportunity to state his or her reasons for seeking to discharge an appointed attorney, the decision whether or not to grant a motion for substitution of counsel lies within the discretion of the trial judge. The court does not abuse its discretion in denying a *Marsden* motion '"unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel."'" (*People v. Clark* (2011) 52 Cal.4th 856, 912.)

In the instant case, the trial court did not abuse its discretion in denying mother's request for substitution of counsel. The court provided mother with an ample opportunity to air her complaints. The record shows that the court began by asking her what she believed her counsel had done, or not done correctly. Instead of pointing to any examples of counsel's inadequate performance, mother expressed that she really needed help and she really wanted her children back. She also complained about how stressed she was, how the court should recognize the way her children were taken from her, and how she felt that her counsel should fight harder for her. Mother expressed that she was not upset, but scared and confused. Once the court surmised that mother wanted to spend more time talking with her counsel about the welfare of her children and her parental rights, mother agreed and stated, "That's it. That's all I want." Accordingly, the court reasonably concluded that there was no irreconcilable conflict, such that ineffective representation was likely to result. (*Crandell*, *supra*, 46 Cal.3d at p. 854.) The court properly determined that substitution was not warranted.

Mother further claims that she was prejudiced by the court's failure to grant her *Marsden* motion. However, she merely asserts that if she had been awarded new counsel, "there is a reasonable probability that a more favorable outcome would have been reached." The record shows otherwise. Mother was provided with reunification services, but failed to comply with her case plan. Her whereabouts were unknown during much of the dependency, and she failed to maintain contact with the social worker or the child. The court terminated reunification services because mother had failed to participate regularly and make substantive progress in her case plan. A substitution of attorneys would not have resulted in a more favorable outcome in mother's case.

DISPOSITION

The writ petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.